UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALPHA TELECOMMUNICATIONS, INC. | ) ) | CASE NO.1:05CV2906 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORP., ET AL., | ) ) | MEMORANDUM AND OPINION |
| Defendants. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant International Business Machines Corporation's ("IBM") Motion to Dismiss (ECF Dkt. # 11). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiff's Amended Complaint, as to all Defendants, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

Plaintiff filed its Amended Complaint on December 19, 2005, alleging breach of contract against Defendant IBM and tortious interference with contractual obligations against Defendant Educational Funding Group ("EFG"). Plaintiff's Amended Complaint states this Court has jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff's Amended Complaint states Plaintiff is an Ohio Corporation, Defendant IBM is a New York Corporation and Defendant EFG is an Ohio

Corporation. Plaintiff's Amended Complaint alleges complete diversity exists between Plaintiff and IBM.

On February 24, 2006, Defendant IBM moved to dismiss for lack of subject matter jurisdiction as complete diversity does not exist where Plaintiff and Defendant EFG are citizens of the same state. Plaintiff argues "complete diversity is not mandated either in federal statutes or federal case law." (Plaintiff's Memorandum Contra Motion to Dismiss pg. 2). Plaintiff quotes Moore's Federal Practice 3rd Edition Section 102.12[1] as saying, "complete diversity is not mandated either in federal statutes or federal case law." (Plaintiff's Memo pg. 2.)

28 U.S.C. § 1332(a)(1), states, " **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between **(1)** citizens of different States;." "This statute and its predecessors have consistently been held to require complete diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978), citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806) "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owens* at 373.

A cursory reading of *Moore's Federal Practice 3d Edition* §102.12[1] finds "although neither the constitutional nor statutory provisions of diversity jurisdiction expressly impose the complete diversity requirement, the *dictate* was first recognized by Chief Justice Marshall in

*Strawbridge v. Curtiss*." (emphasis added).  It is important to note that the quote attributed by Plaintiff to *Moore's* is nowhere to be found in *Moore's Federal Practice 3d Edition* §102.12[1].

The Court finds complete diversity does not exist and therefore, the Court does not have jurisdiction over the claims alleged in Plaintiff's Amended Complaint.  Therefore, the Court grants Defendant IBM's Motion to Dismiss as to all Defendants and all claims contained in Plaintiff's Complaint.

IT IS SO ORDERED.

_3/22/06_
Date

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge