UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALPHA TELECOMMUNICATIONS, INC. | ) | CASE NO.1:05CV2906 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| INTERNATIONAL BUSINESS | ) | MEMORANDUM AND OPINION |
| MACHINES CORP., ET AL., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant IBM's Motion for Sanctions.  For the following reasons, the Court grants Defendant's Motion.

Plaintiff filed its Amended Complaint on December 19, 2005, alleging breach of contract against Defendant IBM and tortious interference with contractual obligations against Defendant Educational Funding Group ("EFG").  Plaintiff's Amended Complaint states this Court has jurisdiction pursuant to 28 U.S.C. §1332; that Plaintiff is an Ohio Corporation, Defendant IBM is a New York Corporation and Defendant EFG is an Ohio Corporation.  Plaintiff's Amended Complaint alleges complete diversity exists between Plaintiff and IBM.

Prior to filing its Answer and Motion to Dismiss, counsel for IBM contacted Plaintiff's counsel and informed him of the lack of jurisdiction under 28 U.S.C. §1332, as complete diversity did not exist.  Defense counsel then provided Plaintiff's counsel with case law in

1

support of his contention.  Plaintiff refused to withdraw the Amended Complaint, while hurling personal insults at opposing counsel.

On February 24, 2006, Defendant IBM moved to dismiss for lack of subject matter jurisdiction as complete diversity does not exist because Plaintiff and Defendant EFG are citizens of the same state.  Further, Defendant IBM moved for sanctions under Fed. R. Civ. P 11. Plaintiff argued "complete diversity is not mandated either in federal statutes or federal case law." (Plaintiff's Memorandum Contra Motion to Dismiss pg. 2).  Plaintiff quotes Moore's Federal Practice 3rd Edition Section 102.12[1] as saying, "complete diversity is not mandated either in federal statutes or federal case law." (Plaintiff's Memo pg. 2.)

28 U.S.C. § 1332(a)(1), states, " **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between **(1)** citizens of different States;." "This statute and its predecessors have consistently been held to require complete diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978), citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806) "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history  clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owens* at 373.

A cursory reading of *Moore's Federal Practice 3d Edition* §102.12[1] finds "although

neither the constitutional nor statutory provisions of diversity jurisdiction expressly impose the complete diversity requirement, the ***dictate*** was first recognized by Chief Justice Marshall in *Strawbridge v. Curtiss*." (emphasis added).

Pursuant to Fed. R. Civ. P. 11(b)(2) attorneys certify by filing a pleading with the Court, "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

The Court finds the evidence before it warrants sanctions. Plaintiff's counsel does not argue 28 U.S.C. §1332 should be modified, or reversed. Defense counsel provided Plaintiff's counsel with ample, relevant case law demonstrating the mandatory nature of complete diversity necessary to confer jurisdiction upon federal courts. Plaintiff's counsel's response demonstrates a clear lack of understanding of the complete diversity requirement of 28 U.S.C. §1332 and an unwillingness to correct his error even after he was provided irrefutable case law. Plaintiff's counsels reliance on an alleged quote from *Moore's Federal Practice 3d Edition* Section 102.12[1] "complete diversity is not mandated either in federal statutes or federal case law," is perplexing as no such quote is found in the section cited by Plaintiff. Rather, a cursory review of Moore's §102.12[1] would have provided Plaintiff's counsel the relevant case law and holdings sufficient to demonstrate his error. Compounding Plaintiff's counsel's flawed legal position is his lack of professionalism. Plaintiff's counsel's response to defense counsel's legal reasoning, to wit; "I am documenting this conversation since you are known in the community as a factual fabricator, and NOT to be trusted," is not only an outright falsehood, but demeans the practice of law and the public's perception of the law and lawyers in general. This further undercut's

3

Plaintiff's counsel's credibility in presenting Plaintiff's legal position.

In light of the foregoing facts, the Court grants Defendant's Motion for Sanctions. Defendant shall file with the Court an itemized expense report supported by affidavit, incurred for the filing of its Answer and Motion to Dismiss within ten days of the filing of this Order. Plaintiff shall have ten days after Defendant files its expense report to file an objection.

IT IS SO ORDERED.

_3/29/06_
Date

Christopher a Boyko
CHRISTOPHER A. BOYKO
United States District Judge

4