UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALPHA TELECOMMUNICATIONS, INC., | ) ) | CASE NO.1:05CV2906 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORP., ET AL., | ) ) ) | ORDER |
| Defendants. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Educational Funding Group's ("EFG") Motion to Dismiss and for Sanctions, and EFG's Partial Objection to Defendant International Business Machine's ("IBM") Expense Report in support of IBM's Motion for Sanctions. As this case has already been dismissed as to all parties, pursuant to this Court's Order of March 23, 2006, EFG's Motion to Dismiss is denied as moot. The Court has previously determined IBM is entitled to sanctions and ordered IBM to provide an itemized expense report.

EFG does not dispute the amount of the expenses claimed by IBM. EFG asks this Court to award the sanctions against Plaintiff's counsel, as his client, Alpha Telecommunications, Inc., is a dissolved corporation pursuant to a settlement agreement between Plaintiff's counsel and EFG's principal owner.

As Nathaniel Hawthorne, Plaintiff's counsel: 1) repeatedly misquoted the relevant section of *Moore's Federal Practice* in support of his argument for diversity jurisdiction and persisted in pursuing this suit in light of overwhelming law, including the chapter of *Moore's Federal*

*Practice* repeatedly misquoted by Plaintiff's counsel, demonstrating the lack of diversity jurisdiction, and 2) accused opposing counsel of dishonesty and bad character, sanctions are appropriately awarded against Plaintiff's counsel. Furthermore, Fed. R. Civ. P. 11(c)(2)(a) expressly forbids the awarding of monetary sanctions against a party for violations of Rule 11(b)(2). Therefore, the Court grants EFG's Partial Objection to IBM's Expense Report and awards sanctions against Mr. Hawthorne personally.

Sanctions are appropriately awarded to EFG pursuant to Fed. R. Civ. 11(b)(2), due to the frivolousness of Plaintiff's claims in light of existing case law and after opposing counsel repeatedly demonstrated the lack of diversity jurisdiction. Therefore, the Court orders EFG to provide an itemized expense report and affidavit attesting to the expenses incurred in defending this lawsuit. Plaintiff's counsel shall have fourteen days after the filing of EFG's expense report to file any objections.

IBM seeks over Twenty Four Thousand dollars in expenses. Pursuant to the Fed. R. Civ P 11, having found Plaintiff's counsel's actions warrant sanctions and, after careful review of the expense reports and affidavits of IBM's counsel, the Court finds that Defendant IBM is entitled to Nine Thousand Three Hundred Thirty One dollars and Twenty-Five cents, to be paid by attorney Nathaniel Hawthorne, no later than August 7, 2006. Failure to comply with this Order shall result in further sanctions, including potential incarceration.

IT IS SO ORDERED.

6/7/06
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge